**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL ACEVEDO,

Plaintiff,

v. No. 15cv873 KG/KK

PRESBYTERIAN HEALTHCARE SERVICES,

Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed September 30, 2015 (Doc. 1)("Complaint"); and (ii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), filed September 30, 2015 (Doc. 2)("Application"). For reasons set out below, the Court will **GRANT** Plaintiff's Application and **DISMISS** his Complaint **without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox,* 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light

of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008)(citing *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff states that: (i) his monthly income is $1,654.00 in disability; (ii) his monthly expenses are $1,675.00; (iii) he owns no assets; and (iv) he is unemployed. The Court finds that Plaintiff is unable to pay the filing fee, because he is unemployed and his monthly expenses exceed his monthly income.

**Dismissal of Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be

drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings. *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006). However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff filed his Complaint pursuant to 42 U.S.C. 1983 claiming "deliberate deception by ambulance personnel." *See* Complaint at 1, 3. Acevedo alleges:

> I was on a bus that was hit by a car/I was hurt from bouncing around the seats, was asking for something for pain. A demand to sign this, which I did thinking he would give me something for pain, not knowing what I just signed, when he turned away laughing at me saying if the city dose [sic] not pay then you will pay.
>
> . . . .
>
> Ambulance personnel did a deliberate deception to secure unfair or unlawful gain, this is a fraudulent act and fraudulent concealment by ambulance personnel of the Presbyterian.

Complaint at 2-3. Plaintiff requests relief in the amount of $75,000.00. *See* Complaint at 5.

Plaintiff's claims under 42 U.S.C. § 1983 fail to state a claim. Section 1983 only authorizes suits against persons acting under color of state law. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) ("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person

acting under color of state law"). There are no allegations that Presbyterian was acting under color of state law. In addition, Plaintiff only alleges fraud and fraudulent concealment; he does not allege violations of any of his constitutional rights. *See Haines v. Fisher*, 82 F.3d 1503, 1508 (10th Cir. 1996) (quoting *Baker v. McCollan*, 443 U.S. 137, 146 (1979)) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."). Plaintiff, therefore, has not stated a claim under section 1983. The Court will dismiss Plaintiff's Complaint. Plaintiff may file an amended complaint within 21 days of entry of this Order. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of summons at this time. The Court will order service if Plaintiff timely files an amended complaint which states a claim. Plaintiff's amended complaint shall include the addresses of every defendant named in the amended complaint.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), filed September 30, 2015 (Doc. 2) is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff's Civil Rights Complaint Pursuant to

42 U.S.C. § 1983, filed September 30, 2015 (Doc. 1) is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

**UNITED STATES DISTRICT JUDGE**