IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL ACEVEDO,

       Plaintiff,

v.                      No. 15cv873 KG/KK

PRESBYTERIAN HEALTHCARE SERVICES et al.,

       Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's Amended Complaint, Doc. 6, filed October 26, 2015.   For reasons set out below, the Court will **DISMISS** this case **without prejudice.**

Plaintiff filed a Complaint pursuant to 42 U.S.C. 1983, Doc. 1, claiming "deliberate deception by ambulance personnel:"

> I was on a bus that was hit by a car/I was hurt from bouncing around the seats, was asking for something for pain.   A demand to sign this, which I did thinking he would give me something for pain, not knowing what I just signed, when he turned away laughing at me saying if the city dose [sic] not pay then you will pay.
>
> . . . .
>
> Ambulance personnel did a deliberate deception to secure unfair or unlawful gain, this is a <u>fraudulent act</u> and <u>fraudulent concealment</u> by ambulance personnel of the Presbyterian.

Complaint at 2-3.

Because Plaintiff is proceeding *in forma pauperis*, the Court reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) (The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief.").   The Court dismissed Plaintiff's Complaint without prejudice for failure to state a claim because: (i) Section 1983 only authorizes

suits against persons acting under color of state law and there were no allegations that Presbyterian was acting under color of state law; and (ii) Plaintiff only alleged fraud and fraudulent concealment, did not allege violations of any of his constitutional rights, whereas Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.  *See* Mem. Op. and Order, Doc. 5.  The Court allowed Plaintiff to file an amended complaint.

Plaintiff's Amended Complaint, Doc. 6, alleges the same general facts as his original Complaint, but with more detail, and adds the ambulance personnel as defendants.  Plaintiff repeats his allegations of fraud and fraudulent concealment, and alleges that the ambulance personnel lied to him, provided him with inadequate service, refused to take him to the VA Hospital and took him to Presbyterian Hospital, violated his 4th and 5th Amendment rights, his UCC 1-308 rights and his liberty by demanding that he sign a document without his knowing what it was he had signed, and "All this done without Due Process of Law."  Plaintiff also cites "18 U.S.C. sec. 880 ILLEGAL EXTORTION."  The Amended Complaint does not reference 42 U.S.C. § 1983.

The Court will dismiss Plaintiff's federal law claims because Plaintiff's allegations of constitutional violations fail to state a claim.  Plaintiff's allegations of Fourth and Fifth Amendment violations fail to state a claim because none of the defendants are governmental actors.  *See Pleasant v. Lovell*, 876 F.2d 787, 798 (10th Cir. 1989) ("The Supreme Court has held consistently that the protections of the Fourth Amendment only apply to governmental action"); *Smith v. Kitchen*, 156 F.3d 1025, 1028 (10th Cir. 1998) ("the Fifth Amendment protects against actions by the federal government . . . [but] provides no protection against private actions by private individuals").  18 U.S.C. § 880 is a criminal statute which states that any person receiving

the proceeds of extortion shall be imprisoned not more than 3 years, fined under this title, or both. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986).

Having dismissed all of Plaintiff's federal law claims, the Court declines to exercise supplemental jurisdiction over the remainder of Plaintiff's claims under state law. *See* 28 U.S.C. § 1367(c)(3) ("district courts may decline to exercise supplemental jurisdiction . . . if the district court has dismissed all claims over which it has original jurisdiction").

Having dismissed all of the claims in Plaintiff's Amended Complaint, the Court will dismiss this case without prejudice.

**IT IS ORDERED** this case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**